IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL I. TAYLOR,**

        Petitioner,

   v.              CASE NO. 05-3194-RDR

**COMMANDANT,**

        Respondent.

**O R D E R**

   This matter is before the court on petitioner's application for mandamus.  Petitioner, a prisoner at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, seeks the appointment of military counsel to represent him in the review of his conviction by a court-martial under Article 69(b), Uniform Code of Miliary Justice (UCMJ), 10 U.S.C. § 869(b).

**Background**

   Petitioner was convicted by a general court-martial in April 2004.  In February 2005, he sent correspondence to the Judge Advocate General of the Army requesting to retain his appointed appellate defense counsel to assist him in seeking relief pursuant to Article 69(b) and withdrawing his conviction from review pursuant to Article 66.[1]

---

[1] Articles 66 and 69(b) address separate avenues of post-

The Judge Advocate General responded in March 2005 and advised the petitioner that while he would not be entitled to retain his appointed counsel in a proceeding pursuant to Article 69, he would be afforded the opportunity to consult with an attorney in the Legal Assistance Division at Fort Leavenworth. (Doc. 1, Attach. correspondence dated 3/10/05.)

## Discussion

The Mandamus Act, codified in 28 U.S.C. § 1361, provides that federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

To obtain mandamus relief, the petitioner must establish that there is a clear right to relief, that the respondent has a duty to perform the act in question, and that the petitioner has no other adequate remedy.  Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005)(citation omitted).

The Tenth Circuit has rejected the claim that a military prisoner is entitled to the appointment of counsel in a proceeding under Article 69, stating:

> "... the UCMJ does not provide for military defense counsel in Article 69 proceedings.... A service member convicted by court-martial is entitled to appeal under Article 66, where appellate counsel is provided.  The

---

conviction review of court-martial conviction and sentencing decisions.  See Gonzales v. Cremin, 2006 WL 41217, *1 (10th Cir. 1/9/06)(attached).

2

Sixth Amendment does not compel appointment of counsel for other forms of military review." <u>Gonzales v. Cremin</u>, 2006 WL 41217, *1 (10th Cir. 1/9/06).[2]

Because there is no constitutional right to the appointment of counsel for a party seeking review under Article 69, petitioner can establish neither a clear right to the relief he seeks nor a duty on the part of the respondent to provide appointed counsel. Accordingly, the present application must be denied.

IT IS THEREFORE ORDERED the petition for mandamus is denied.

IT IS FURTHER ORDERED petitioner's motion to amend/correct the petition (Doc. 6) is denied as moot.

**IT IS SO ORDERED**.

Copies of this order shall be transmitted to the parties.

DATED: This 18th day of January, 2006, at Topeka, Kansas.

> S/ Richard D. Rogers
> RICHARD D. ROGERS
> United States District Judge

---

[2] A copy of this unpublished order is attached.